IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO MUNIZ DE LA CERDA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1665-FB |
| | § | |
| PAMELA J. BONDI, Attorney General of the | § | |
| United States; REYNALDO CASTRO, Warden, | § | |
| South Texas Ice Processing Center; SYLVESTER | § | |
| ORTEGA, Field Office Director, ICE; TODD M. | § | |
| LYONS, Director, ICE; and KRISTI NOEM, | § | |
| Secretary, Department of Homeland Security, | § | |
| | § | |
| *Respondents*. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on March 5, 2026 (ECF No. 15); Federal Respondents' Objections to the Report and Recommendation filed on March 12, 2026 (ECF No. 16); Petitioner's Response to Federal Respondents' Objections to the Report and Recommendation filed on March 17, 2026 (ECF No. 17); and Petitioner's Advisory to the Court Regarding Petitioner's Health and the Need for a Prompt Ruling filed on April 11, 2026 (ECF No. 18).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Farrer recommends that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), be GRANTED IN PART and Respondents be ordered to "'RELEASE Petitioner under conditions substantially similar to those contained in his prior OSUP.' *See Medellin Martinez*, 5:25-cv-1319-OLG, [Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 21, 2025)]at 6; *see also Escalante* [*v. Noem,* No. 9:24-cv-00182-MJT], WL 2206113, at *4 [(E.D. Tex. Aug. 2, 2025)] (ordering that re-detained petitioner be released 'subject to an order of supervision in accordance with 8 C.F.R. § 241.5).'"  Report and Recommendation, ECF No. 15 at page 11.  In their objections, Respondents reurge their argument that they have met their burden to show a likelihood of removal in the reasonably foreseeable future based on pending, unanswered third-county requests.  However, as explained in the Report and Recommendation and Petitioner's response, "'the mere existence of outstanding third-country requests is insufficient to show that Petitioner is likely to be removed in the reasonably foreseeable future.'" *Id.* at page 8; *see* Petitioner's Response, ECF No. 17 at pages 2-6.

The Court has reviewed the objections filed by the Respondents and has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds the objections should be overruled.  The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (ECF No. 15), and incorporates herein the arguments and authorities presented by the Petitioner in his Response (ECF No. 17).  The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that:  (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) shall be GRANTED IN PART such that Respondents shall be ORDERED to release Petitioner from their

custody under conditions substantially similar to those contained in his prior OSUP, and shall be DENIED IN PART as to Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") because fees under the EAJA are not available in habeas corpus proceedings like this one;[1] (2) the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) shall be DENIED AS MOOT; and (3) the Emergency Motion Requesting Prompt Ruling on Petitioner's Habeas Corpus Petition and Temporary Restraining Order and the Renewed Emergency Motion Requesting Prompt Ruling on Petitioner's Habeas Corpus Petition and Temporary Restraining Order (ECF Nos. 6 and 14) shall be DENIED AS MOOT.

Accordingly, it is hereby ORDERED that the Report and Recommendations of the United States Magistrate Judge, filed in this case on March 5, 2026 (ECF No. 15) is ACCEPTED such that: (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) is GRANTED IN PART such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

1. Respondents are DIRECTED to RELEASE Petitioner Marco Antonio Muniz De La Cerda, Alien Number 036-503-385, from custody, under conditions of release substantially similar to conditions of his Order of Supervision, to a public place no later than 4 p.m. on **Tuesday, April 14, 2026**.

2. Respondents must NOTIFY Petitioner's counsel by email[2] or by an in-person telephone conference of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release;

---

[1] *See Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

[2] Georgia Santos Laurent: Email: georgia@sanlaurentlaw.com or telephone: (786) 781-0781.

3.      Respondents shall FILE a status report no later than 12 p.m. on April 15, 2026, confirming that Petitioner has been released under conditions of release substantially similar to conditions of his Order of Supervision.

IT IS FURTHER ORDERED Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") (ECF No. 1) is DENIED, and the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4); the Emergency Motion Requesting Prompt Ruling on Petitioner's Habeas Corpus Petition and Temporary Restraining Order (ECF No. 6); and the Renewed Emergency Motion Requesting Prompt Ruling on Petitioner's Habeas Corpus Petition and Temporary Restraining Order (ECF No. 14) are DENIED AS MOOT.

IT IS FURTHER ORDERED that motions pending, if any are DISMISSED AS MOOT, and this case is now CLOSED.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 12th day of April, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE